TROUTMAN SANDERS LLP
Chad R. Fuller, Bar No. 190730
chad.fuller@troutman.com
Virginia Bell Flynn (*pro hac vice* to be filed)
virginia.flynn@troutman.com
11682 El Camino Real
Suite 400
San Diego, CA  92130
Telephone: 858-509-6056
Facsimile:  858-509-6040

*Attorneys for Defendant*
*Chrysler Capital*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWONESHA JOHNSON-HENDRICKS,<br><br>        Plaintiff,<br><br>v.<br><br>CHRYSLER CAPITAL; and DOES 1-50 inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANT CHRYSLER CAPITAL'S NOTICE OF REMOVAL** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Chrysler Capital ("Defendant"), by counsel, hereby removes this civil action, pending in the Superior Court of the State of California for the County of Solano, Case No. FCM156626 (the "State Court Action"), to the United States District Court for the Eastern District of California.  Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, Defendant removes this action to this Court, and in support thereof, states the following:

## I. B<sub>ACKGROUND</sub>

1. Plaintiff Twonesha Johnson-Hendricks ("Plaintiff") commenced the State Court Action against Defendant by filing a Complaint in the Superior Court of the State of California for the County of Solano on October 19, 2017 (the "Complaint"). Because Defendant was not served with a copy of the original Complaint and there is no electronic docket in Solano County, Defendant does not have a copy of the original filed Complaint.

2. Plaintiff amended her Complaint to identify the DOES 1-50 as FCA US LLC on May 2, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of all process pleadings, and orders, including the Amended Complaint, served on Defendant in the State Court Action, attached here to as **Exhibit A**.

3. On May 9, 2018, Defendant's registered agent was personally served with a copy of the Complaint.

4. On June 8, 2018, Defendant filed its Answer to the Amended Complaint, which is attached hereto as **Exhibit B**.

5. This Notice of Removal is being filed within thirty days of service of the Complaint on Defendant. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

6. The above-captioned action is a suit for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, C<sub>AL</sub>. C<sub>IV</sub>. C<sub>ODE</sub> § 1788 *et seq.* ("RFDCPA").

## II. F<sub>EDERAL</sub> Q<sub>UESTION</sub> J<sub>URISDICTION</sub>

7. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

8. This Court has supplemental jurisdiction over Plaintiff's California state-law claims pursuant to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

9. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. In his Complaint, Plaintiff alleges PRA violated the TCPA by "us[ing] an 'automatic telephone dialing system,' . . . to place its repeated collection calls to Plaintiffs [cellular telephone number] seeking to collect the debt allegedly owed." (Exhibit B at ¶ 8.)

11. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the TCPA.

12. Plaintiff's claims purporting to arise under California state law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Specifically, all claims arise out of Defendant's attempts to collect Plaintiff's debt via telephone calls to Plaintiff's cellular telephone number. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

13. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

### III. VENUE

14. Venue is proper in this Court because this district and division encompass the Superior Court of the State of California for the County of Solano, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV. NOTICE

15. Concurrent with the filing of this Notice, Defendant will file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Solano, a copy of which is attached hereto as **Exhibit C**.

16. Upon information and belief, the contents of **Exhibit A**, **Exhibit B**, **and Exhibit C** constitute the entire file of the action available to Defendant and pending in the state court as required pursuant to 28 U.S.C. §1446(a).

WHEREFORE, Defendant hereby removes this action to this Court.

Dated: June 8, 2018                         TROUTMAN SANDERS LLP


By: */s/ Chad R. Fuller*
    Chad R. Fuller

*Attorneys for Defendant*
*Chrysler Capital*

# **CERTIFICATE OF SERVICE**

I, Sandy Olalde, am employed in the City of San Diego, County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA 92130.

On June 8, 2018, I served the foregoing document(s) described as:

**1. DEFENDANT CHRYSLER CAPITAL'S NOTICE OF REMOVAL**

On the parties or attorneys for parties in this action who are identified on the attached service list, using the following means of service:

**XX** - VIA U.S. MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. A rue and correct copy thereof was enclosed in sealed envelope(s) and addressed as follows.

Todd M. Friedman, Esquire                    *Counsel for Plaintiff*
Adrian R. Bacon, Esquire
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
Email: tfriedman@toddflaw.com;
abacon@toddflaw.com

FEDERAL ONLY - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 8, 2018, at San Diego, California.

*/s/ Sandy Olalde*
Sandy Olalde